FILED IN THE U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

JUL 10 2024

SEAN F. McAVOY, CLERK
SPOKANE, WASHINGTON

Vanessa R. Waldref
United States Attorney
Eastern District of Washington
Michael L. Vander Giessen
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> CATLIN RAY SARGENT, <br><br> Defendant. | Case No.: 2:24-cr-00007-TOR <br><br> Plea Agreement |

Plaintiff United States of America, by and through Vanessa R. Waldref, United States Attorney the Eastern District of Washington, and Michael L. Vander Giessen, Assistant United States Attorney for the Eastern District of Washington, and Defendant Catlin Ray Sargent ("Defendant"), both individually and by and through Defendant's counsel, Molly M. Winston, agree to the following Plea Agreement.

1. <u>Guilty Plea and Maximum Statutory Penalties</u>

Defendant agrees to enter a plea of guilty to Count 2 of the Indictment, which charges Defendant with Simple Assault on an Aircraft, in violation of 18 U.S.C. § 113(a)(5) and 49 U.S.C. § 46506(1), a Class B misdemeanor.

Defendant understands that the following potential penalties apply:

    a.    a term of imprisonment of not more than 6 months;

    b.    a term of probation of not more than 5 years or a term of

PLEA AGREEMENT - 1

supervised release of not more than 1 year;

    c.    a fine of up to $5,000;

    d.    restitution; and

    e.    a $10 special penalty assessment.

2. <u>Probation</u>

Defendant understands that if the Court imposes probation and Defendant violates any condition of Defendant's probation, pursuant to 18 U.S.C. § 3565(a)(2), the Court may revoke Defendant's term of probation and resentence Defendant under 18 U.S.C. Part II, Chapter 227, Subchapter A (§§ 3551 through 3559). Defendant further understands that upon such resentencing, the Court may impose the potential penalties outlined in Paragraph 1 above, including a term of imprisonment of not more than 6 months; a term of supervised release of not more than 1 year; and a fine of up to $5,000.

3. <u>Supervised Release</u>

Defendant understands that if the Court imposes supervised release and Defendant violates any condition of Defendant's supervised release, the Court may revoke Defendant's term of supervised release, and require Defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post-release supervision, up to the following terms:

    a.    5 years in prison if the offense that resulted in the term of supervised release is a class A felony,

    b.    3 years in prison if the offense that resulted in the term of supervised release is a class B felony,

    c.    2 years in prison if the offense that resulted in the term of supervised release is a class C felony, or

    d.    1 year in prison in any other case.

PLEA AGREEMENT - 2

Accordingly, Defendant understands that if Defendant commits one or more violations of supervised release, Defendant could serve a total term of incarceration greater than the maximum sentence authorized by statute for Defendant's offense or offenses of conviction.

4. The Court is Not a Party to this Plea Agreement

The Court is not a party to this Plea Agreement and may accept or reject it. Defendant acknowledges that no promises of any type have been made to Defendant with respect to the sentence the Court will impose in this matter. Defendant understands the following:

    a. sentencing is a matter solely within the discretion of the Court;

    b. the Court is under no obligation to accept any recommendations made by the United States or Defendant;

    c. the Court will obtain an independent report and sentencing recommendation from the United States Probation Office;

    d. the Court may exercise its discretion to impose any sentence it deems appropriate, up to the statutory maximum penalties;

    e. the Court is required to consider the applicable range set forth in the United States Sentencing Guidelines, but may depart upward or downward under certain circumstances; and

    f. the Court may reject recommendations made by the United States or Defendant, and that will not be a basis for Defendant to withdraw from this Plea Agreement or Defendant's guilty plea.

5. Potential Immigration Consequences of Guilty Plea

If Defendant is not a citizen of the United States, Defendant understands the following:

    a. pleading guilty in this case may have immigration consequences;

PLEA AGREEMENT - 3

  b. a broad range of federal crimes may result in Defendant's removal from the United States, including the offense to which Defendant is pleading guilty;

  c. removal from the United States and other immigration consequences are the subject of separate proceedings; and

  d. no one, including Defendant's attorney or the Court, can predict with absolute certainty the effect of a federal conviction on Defendant's immigration status.

Defendant affirms that Defendant is knowingly, intelligently, and voluntarily pleading guilty as set forth in this Plea Agreement, regardless of any immigration consequences that Defendant's guilty plea may entail.

  6. <u>Waiver of Constitutional Rights</u>

Defendant understands that by entering this guilty plea, Defendant is knowingly and voluntarily waiving certain constitutional rights, including the following:

  a. the right to a jury trial;

  b. the right to see, hear and question the witnesses;

  c. the right to remain silent at trial;

  d. the right to testify at trial; and

  e. the right to compel witnesses to testify.

While Defendant is waiving certain constitutional rights, Defendant understands that Defendant retains the right to be assisted by an attorney through the sentencing proceedings in this case and any direct appeal of Defendant's conviction and sentence, and that an attorney will be appointed at no cost if Defendant cannot afford to hire an attorney.

Defendant understands and agrees that any defense motions currently pending before the Court are mooted by this Plea Agreement, and Defendant expressly waives Defendant's right to bring any additional pretrial motions.

PLEA AGREEMENT - 4

7. <u>Elements of the Offense</u>

The United States and Defendant agree that in order to convict Defendant of Simple Assault on an Aircraft, in violation of 18 U.S.C. § 113(a)(5) and 49 U.S.C. § 46506(1), the United States would have to prove the following beyond a reasonable doubt.

    a.    *First*, on or about June 3, 2023, Defendant intentionally assaulted H.J.O.;

    b.    *Second*, the assault occurred in flight while Defendant was on an aircraft in the special aircraft jurisdiction of the United States; and

    c.    *Third*, the flight on which the assault occurred landed in the Eastern District of Washington.

8. <u>Factual Basis and Statement of Facts</u>

The United States and Defendant stipulate and agree to the following: the facts set forth below are accurate; the United States could prove these facts beyond a reasonable doubt at trial; and these facts constitute an adequate factual basis for Defendant's guilty plea.

The United States and Defendant agree that this statement of facts does not preclude either party from presenting and arguing, for sentencing purposes, additional facts that are relevant to the Sentencing Guidelines computation or sentencing, unless otherwise prohibited in this Plea Agreement.

On June 3, 2023, during a commercial flight that landed in the Eastern District of Washington, Defendant touched the thigh of H.J.O., a female passenger seated next to him, and did so on top of her clothing and without her consent. H.J.O. reported Defendant committed this unwanted touching during descent into the Spokane International Airport on Delta Airlines flight number 416, which originated from Salt Lake City, Utah. H.J.O. reported that during descent, Defendant started rubbing her left leg with his right hand. H.J.O. said Defendant

PLEA AGREEMENT - 5

moved his hand around her leg and around her thigh. H.J.O. said Defendant then started making movements with his hand and fingers that she found disgusting. H.J.O. said she told Defendant to please stop in a loud voice. A witness corroborated seeing Defendant rubbing and leaning over H.J.O., and hearing H.J.O. tell Defendant not to touch her. A flight attendant responded and moved H.J.O. to another seat away from Defendant.

In light of the foregoing, Defendant admits that on June 3, 2023, he intentionally assaulted H.J.O. by willfully and intentionally touching and making physical contact with her without justification or excuse in a manner a reasonable person would deem offensive. Defendant further admits the assault occurred in flight while Defendant was on an aircraft in the special aircraft jurisdiction of the United States, and the flight on which the assault occurred landed in the Eastern District of Washington.

9.  The United States' Agreements

The United States Attorney's Office for the Eastern District of Washington agrees that at the time of sentencing, the United States will move to dismiss Count 1 of the Indictment, which charges Defendant with Abusive Sexual Contact on an Aircraft, in violation of 18 U.S.C. § 2244(a)(2) and 49 U.S.C. § 46506(1).

The United States Attorney's Office for the Eastern District of Washington agrees not to bring additional charges against Defendant based on information in its possession at the time of this Plea Agreement that arise from conduct charged in the Indictment, unless Defendant breaches this Plea Agreement any time before or after sentencing.

10. United States Sentencing Guidelines Calculations

Defendant understands and acknowledges that the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") apply and that the Court will determine Defendant's advisory range at the time of sentencing, pursuant to the Guidelines. The United States and Defendant agree to the following Guidelines calculations.

PLEA AGREEMENT - 6

a. <u>Base Offense Level</u>

The United States and Defendant agree that the base offense level is 7 because the offense involved physical contact. *See* USSG § 2A2.3(a)(1).

b. <u>Special Offense Characteristics</u>

The United States and Defendant make no agreement with respect to specific offense characteristics.

c. <u>Acceptance of Responsibility</u>

If Defendant clearly accepts responsibility for the offense, Defendant will be entitled to a reduction of two levels in the combined adjusted offense level, under U.S.S.G. § 3E1.1(a). The Government will move for an additional one-level reduction in the combined offense level under U.S.S.G. § 3E1.1(b) if the following conditions are met: (1) Defendant qualifies for a decrease under U.S.S.G. § 3E1.1(a); (2) the offense level determined prior to the operation of U.S.S.G. § 3E1.1(a) is level 16 or greater; (3) Defendant entered a guilty plea at the first court hearing that takes place after this Plea Agreement is offered, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently; and (4) Defendant has provided complete and accurate information during the sentencing process. If, before sentence is imposed, Defendant fails to meet the criteria set out in U.S.S.G. § 3E1.1 or acts in a manner inconsistent with acceptance of responsibility, the Government will withdraw or not make such a recommendation.

Defendant and the United States agree that at its option and on written notice to Defendant, the United States may elect not to recommend a reduction for acceptance of responsibility if, prior to the imposition of sentence, Defendant is charged with, or convicted of, any criminal offense, or if Defendant tests positive for any controlled substance.

d. <u>No Other Agreements</u>

The United States and Defendant have no other agreements regarding the

PLEA AGREEMENT - 7

Guidelines or the application of any Guidelines enhancements, departures, or variances. Defendant understands and acknowledges that the United States is free to make any sentencing arguments it sees fit, within the bounds of this Plea Agreement, including arguments arising from Defendant's uncharged conduct, conduct set forth in charges that will be dismissed pursuant to this Plea Agreement, and Defendant's relevant conduct.

  e. <u>Criminal History</u>

The United States and Defendant have no agreement and make no representations about Defendant's criminal history category, which will be determined by the Court after the United States Probation Office prepares and discloses a Presentence Investigation Report.

  11. <u>Joint Sentencing Recommendation</u>

Based upon review of the 18 U.S.C. § 3553(a) factors, the United States and Defendant agree to jointly recommend that the Court impose no term of imprisonment. The United States and Defendant agree to jointly recommend that, in lieu of any term of imprisonment, the Court impose a term of five (5) years' probation. Defendant may seek early termination of probation after three (3) consecutive years of compliance with all conditions of probation. Defendant agrees that the Court's decision regarding the length, terms, and conditions of Defendant's probation is final and non-appealable; that is, even if Defendant is unhappy with the conditions of probation ordered by the Court, that will not be a basis for Defendant to withdraw Defendant's guilty plea, withdraw from this Plea Agreement, or appeal Defendant's conviction, sentence, or any term of probation.

The United States and Defendant agree to recommend that in addition to the standard conditions of probation imposed in all cases in this District, the Court should also impose the following conditions:

  a. The United States Probation Officer may conduct, upon reasonable suspicion, and with or without notice, a search of

PLEA AGREEMENT - 8

   Defendant's person, residences, offices, vehicles, belongings, and areas under Defendant's exclusive or joint control.

b. Defendant shall participate in and complete a substance use disorder evaluation and any treatment program, if recommended.

c. Defendant shall participate in and complete a mental health evaluation and any treatment program, if recommended.

d. Defendant shall participate in and complete such additional alcohol or controlled substance testing and treatment programs as the Probation Officer directs.

e. For any evaluation or treatment program Defendant is directed to complete, Defendant shall allow reciprocal release of information between the Probation Officer and the treatment provider. Defendant shall contribute to the cost of treatment according to Defendant's ability.

12. <u>Criminal Fine and Restitution</u>

The United States and Defendant agree to jointly recommend that the Court impose no criminal fine. The United States and Defendant agree to jointly recommend that, in lieu of any criminal fine, the Court award $5,000 in restitution to H.J.O. to cover her future counseling costs.

Defendant acknowledges that the Court's decisions regarding a fine or restitution are final and non-appealable; that is, even if Defendant is unhappy with a fine or restitution ordered by the Court, that will not be a basis for Defendant to withdraw Defendant's guilty plea, withdraw from this Plea Agreement, or appeal Defendant's conviction, sentence, or fine or restitution order.

13. <u>Mandatory Special Penalty Assessment</u>

Defendant agrees to pay the $10 mandatory special penalty assessment to the Clerk of Court for the Eastern District of Washington, pursuant to 18 U.S.C.

PLEA AGREEMENT - 9

§ 3013.

14. <u>Payments While Incarcerated</u>

If Defendant lacks the financial resources to pay the monetary obligations imposed by the Court, Defendant agrees to earn money to pay toward these obligations by participating in the Bureau of Prisons' Inmate Financial Responsibility Program, if Defendant is or becomes eligible to participate in that program.

15. <u>Additional Violations of Law Can Void Plea Agreement</u>

The United States and Defendant agree that the United States may, at its option and upon written notice to Defendant, withdraw from this Plea Agreement or modify its sentencing recommendation if, prior to the imposition of sentence, Defendant is charged with or convicted of any criminal offense or tests positive for any controlled substance.

16. <u>Waiver of Appeal Rights</u>

Defendant understands that Defendant has a limited right to appeal or challenge Defendant's conviction and the sentence imposed by the Court.

Defendant expressly waives all of Defendant's rights to appeal Defendant's conviction and the sentence the Court imposes.

Defendant expressly waives Defendant's right to appeal any fine, term of probation or supervised release, or restitution order imposed by the Court.

Defendant expressly waives the right to file any post-conviction motion attacking Defendant's conviction and sentence, including a motion pursuant to 28 U.S.C. § 2255, except one based on ineffective assistance of counsel arising from information not now known by Defendant and which, in the exercise of due diligence, Defendant could not know by the time the Court imposes sentence.

Nothing in this Plea Agreement shall preclude the United States from opposing any post-conviction motion for a reduction of sentence or other attack upon the conviction or sentence, including, but not limited to, writ of habeas

PLEA AGREEMENT - 10

corpus proceedings brought pursuant to 28 U.S.C. § 2255.

17. <u>Withdrawal or Vacatur of Defendant's Plea</u>

Should Defendant successfully move to withdraw from this Plea Agreement or should Defendant's conviction be set aside, vacated, reversed, or dismissed under any circumstance, then:

    a. this Plea Agreement shall become null and void;

    b. the United States may prosecute Defendant on all available charges;

    c. the United States may reinstate any counts that have been dismissed, have been superseded by the filing of another charging instrument, or were not charged because of this Plea Agreement; and

    d. the United States may file any new charges that would otherwise be barred by this Plea Agreement.

The decision to pursue any or all of these options is solely in the discretion of the United States Attorney's Office.

Defendant agrees to waive any objections, motions, and/or defenses Defendant might have to the United States' decisions to seek, reinstate, or reinitiate charges if a count of conviction is withdrawn, set aside, vacated, reversed, or dismissed, including any claim that the United States has violated Double Jeopardy.

Defendant agrees not to raise any objections based on the passage of time, including but not limited to, alleged violations of any statutes of limitation or any objections based on the Speedy Trial Act or the Speedy Trial Clause of the Sixth Amendment.

18. <u>Integration Clause</u>

The United States and Defendant acknowledge that this document constitutes the entire Plea Agreement between the United States and Defendant,

PLEA AGREEMENT - 11

and no other promises, agreements, or conditions exist between the United States and Defendant concerning the resolution of the case.

This Plea Agreement is binding only on the United States Attorney's Office for the Eastern District of Washington, and cannot bind other federal, state, or local authorities.

The United States and Defendant agree that this Agreement cannot be modified except in a writing that is signed by the United States and Defendant.

<u>Approvals and Signatures</u>

Agreed and submitted on behalf of the United States Attorney's Office for the Eastern District of Washington.

Vanessa R. Waldref
United States Attorney

_____    07/10/2024
Michael L. Vander Giessen    Date
Assistant United States Attorney

I have read this Plea Agreement and I have carefully reviewed and discussed every part of this Plea Agreement with my attorney. I understand the terms of this Plea Agreement. I enter into this Plea Agreement knowingly, intelligently, and voluntarily. I have consulted with my attorney about my rights, I understand those rights, and I am satisfied with the representation of my attorney in this case. No other promises or inducements have been made to me, other than those contained in this Plea Agreement. No one has threatened or forced me in any way to enter into this Plea Agreement. I agree to plead guilty because I am guilty.

_____    7-10-24
Catlin Ray Sargent    Date
Defendant

I have read the Plea Agreement and have discussed the contents of the agreement with my client. The Plea Agreement accurately and completely sets

PLEA AGREEMENT - 12

forth the entirety of the agreement between the parties. I concur in my client's decision to plead guilty as set forth in the Plea Agreement. There is no legal reason why the Court should not accept Defendant's guilty plea.

_____    Date 7/10/24
Molly M. Winston
Attorney for Defendant

PLEA AGREEMENT - 13