Vanessa R. Waldref
United States Attorney
Eastern District of Washington
Michael L. Vander Giessen
Assistant United States Attorney
Post Office Box 1494
Spokane, Washington 99210-1494
Telephone: (509) 353-2767

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>          v.<br><br>CATLIN RAY SARGENT,<br><br>                    Defendant. | Case No. 2:24-cr-00007-TOR<br><br>United States' Sentencing Memorandum |

The Plaintiff, the United States of America, by and through Vanessa R. Waldref, United States Attorney for the Eastern District of Washington, and Michael L. Vander Giessen, Assistant United States Attorney for the Eastern District of Washington, respectfully submits the following memorandum in the sentencing of the Defendant, Catlin Ray Sargent.

Consistent with the Plea Agreement, ECF No. 19 at 8–9, the parties jointly recommend the Court impose (1) no imprisonment and no fine, (2) a term of five years' probation with authorization for early termination after three consecutive years' compliance with all probation conditions, and (3) an award of $5,000 in restitution to the victim, H.J.O., to cover her prior and future counseling costs.

This proposed sentence is sufficient but not greater than necessary to fulfill 18 U.S.C. § 3553(a)'s sentencing purposes, as it best reflects the circumstances leading to Mr. Sargent's offense and his limited criminal history. Further, H.J.O. has previously

United States' Sentencing Memorandum – 1

expressed her support for this proposed sentence, as she believes it will hold Mr. Sargent accountable for his offense. Considering the totality of § 3553(a) factors, the Court should sentence Mr. Sargent to five years' probation and order $5,000 in restitution.

### I.    MAXIMUM SENTENCE

Because the count of conviction is a Class B misdemeanor, the U.S. Sentencing Guidelines do not apply. *See* ECF No. 21 ¶ 73; USSG § 1B1.9. The statutory maximum term of imprisonment is six months. *See* ECF No. 21 ¶ 57; 18 U.S.C. § 113(a)(5). The statutorily-authorized term of probation is up to five years. *See* ECF No. 21 ¶ 61; 18 U.S.C. § 3561(c)(2).

### III.    18 U.S.C. § 3553(a)

**A.    The nature and circumstances of the offense and the history and characteristics of the defendant**

The Plea Agreement and Presentence Investigation Report accurately capture the nature and circumstances of Mr. Sargent's offense of intentionally assaulting H.J.O. by willfully and intentionally touching and making physical contact with her without justification or excuse in a manner a reasonable person would deem offensive while in flight on an aircraft in the special aircraft jurisdiction of the United States. *See* ECF No. 19 at 5–6; ECF No. 21 ¶¶ 8–16. Notably, Mr. Sargent was intoxicated by alcohol at the time of his offense. *See* ECF No. 21 ¶¶ 9–10, 12–14, 16. However, Mr. Sargent reports he has not consumed alcohol for approximately one year. *See id.* ¶ 43.

As to Mr. Sargent's history and characteristics, he has just one prior arrest or conviction. *See id.* ¶ 26. Specifically, in 2019, Mr. Sargent was convicted in the Pend Oreille County District of a 2018 charge of driving under the influence. *See id.* Mr. Sargent is currently employed and has held the same job since 2022. *See id.* ¶ 48.

Considering these factors, a sentence of five years' probation and $5,000 in restitution best reflects the nature and circumstances of Mr. Sargent's offense as well as his history and characteristics.

//

United States' Sentencing Memorandum – 2

**B.     The need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense**

A significant need exists for Mr. Sargent's sentence to reflect the seriousness of his offense, promote respect for laws designed to ensure decorum on commercial airline flights, and provide just punishment for his offense. The factors identified above crystalize that a sentence of five years' probation and $5,000 in restitution is sufficient to accomplish these purposes. A lower sentence would be insufficient. But a higher sentence would be greater than necessary.

**C.     The need for the sentence imposed to afford adequate deterrence to criminal conduct**

A significant need exists for Mr. Sargent's sentence to adequately deter both him and other passengers landing in this district from disregarding their in-flight duties to avoid touching and making physical contact with other people in ways that are unwanted and objectively offensive. For the same reasons articulated above, a sentence of five years' probation and $5,000 in restitution is sufficient to afford adequate deterrence. A lower sentence would be insufficient. But a higher sentence would be greater than necessary.

**D.     The need for the sentence imposed to protect the public from further crimes of the defendant**

A moderate need exists for Mr. Sargent's sentence to protect the public from his further crimes. Mr. Sargent's alcohol consumption contributed to his offense. *See* ECF No. 21 ¶¶ 9–10, 12–14, 16. However, Mr. Sargent reports he has not consumed alcohol for approximately one year. *See id.* ¶ 43. Further, Mr. Sargent appears to be amenable to substance abuse treatment, if recommended, as he has participated in such treatment for short periods in the past. *See id.* ¶ 45.

Considering these factors, a sentence that provides ongoing accountability is warranted to protect the public from Mr. Sargent's further crimes. But a sentence of five years' probation is sufficient to achieve this objective, as the contemplated probation conditions are designed to provide ongoing accountability. *See* ECF No. 21 at 14–16,

United States' Sentencing Memorandum – 3

18–19. A higher sentence would be greater than necessary.

**E.     The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct**

Because the Guidelines do not apply, *see* ECF No. 21 ¶ 73; USSG § 1B1.9, the Court has discretion to impose any sentence up to the statutory maximum penalties, *see* ECF No. 21 ¶¶ 57, 61; 18 U.S.C. §§ 113(a)(5), 3561(c)(2). Judiciary Sentencing Information data is not available for this Class B misdemeanor count of conviction. *See* ECF No. 21 at 20. Considering the offense classification and statutory maximum penalties in conjunction with the applicable § 3553(a) factors, a sentence of five years' probation and $5,000 in restitution would not constitute an unwarranted sentence disparity.

## IV.     SENTENCING RECOMMENDATION

The Court should impose (1) no imprisonment and no fine, (2) a term of five years' probation with authorization for early termination after three consecutive years' compliance with all probation conditions, and (3) an award of $5,000 in restitution to H.J.O. to cover her prior and future counseling costs.

Dated: September 11, 2024.

Vanessa R. Waldref
United States Attorney

*s/ Michael L. Vander Giessen*
Michael L. Vander Giessen
Assistant United States Attorney

United States' Sentencing Memorandum – 4

**CERTIFICATE OF SERVICE**

I hereby certify that on September 11, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following counsel of record: Molly M. Winston.

*s/ Michael L. Vander Giessen*
Michael L. Vander Giessen
Assistant United States Attorney